UNITED STATES of America, Plaintiff–Appellee,

v.

Manuel BELTRAN–HIGUERA, Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

Jose Mejia–Leyva, Defendant–Appellant.

Nos. 14–50235, 14–50240.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2016.

Filed March 21, 2016.

Jonathan Adam Alexander, Special Assistant U.S., Jean–Claude Andre, Assistant U.S., Melissa Mills, Assistant U.S., Max Shiner, Special Assistant U.S., Patricia Daffodil Tyminski, Assistant U.S., Stephen

Wolfe, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Stephanie Ames, Esquire, The Law Office of Stephanie Ames, Los Angeles, CA, Michael Raymond Belter, Esquire, Law Office of Michael R. Belter, Pasadena, CA, for Defendant–Appellant.

Before: W. FLETCHER, MURGUIA, and OWENS, Circuit Judges.

## MEMORANDUM *

Manuel Beltran–Higuera appeals from his conviction as an accessory after the fact to the assault of several United States Coast Guard (USCG) officers, 18 U.S.C. § 111(a)(1), (b), and as an accessory after the fact for failure to heave to in compliance with the commands of a USCG vessel, 18 U.S.C. § 2237(a)(1). He also appeals his sentence, arguing that the district court improperly applied various sentencing enhancements. Jose Mejia–Leyva appeals from his conviction for second-degree murder of a federal officer. 18 U.S.C. §§ 1111, 1114(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Beltran–Higuera challenges the sufficiency of the evidence underlying his convictions for accessory after the fact for failure to heave to and assault. There is a two-step inquiry for considering a challenge to the sufficiency of the evidence underlying a conviction. "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution," which requires this court to draw all inferences and resolve any conflicts "in favor of the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir.2010) (en banc). "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow *'any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis and alteration in original)).

First, Beltran–Higuera argues that there was insufficient evidence to convict him as an accessory after the fact for failure to heave to, resulting in death, because he was not aware that death resulted from Mejia–Leyva's failure to heave to the USCG zodiac. To convict as an accessory after the fact, the jury must find that the defendant had "actual knowledge of each element of the underlying offense." *United States v. Graves*, 143 F.3d 1185, 1189 (9th Cir.1998). The relevant statute makes it "unlawful for the master, operator, or person in charge of a vessel … subject to the jurisdiction of the United States[ ] to knowingly fail to obey an order by an authorized Federal law enforcement officer to heave to that vessel." 18 U.S.C. § 2237(a)(1). One "aggravating factor" is if the defendant's failure to heave to "results in death." *Id.* § 2237(b)(2)(A)-(B). This aggravating factor will increase a defendant's sentence, but it need not be established for guilt under § 2237(a)(1). Since "results in death" is not an "essential element" of the underlying offense, Beltran–Higuera was appropriately charged with and convicted of being an accessory

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

after the fact for failure to heave to. *Graves,* 143 F.3d at 1189–90.

■ Second, Beltran–Higuera argues that he could not have been convicted as an accessory after the fact for assault or failure to heave to, because the entire escape attempt and the USCG's subsequent pursuit were part of the substantive crimes of assault and failure to heave to. He contends that instead, he should have been charged as a principal actor in those crimes. Beltran–Higuera did not raise this argument in his motion to set aside the verdict for insufficient evidence. *See* Fed.R.Crim.P. 29. This court may therefore review his conviction on this ground only if it is necessary "to prevent a manifest miscarriage of justice." *United States v. Graf,* 610 F.3d 1148, 1166 (9th Cir.2010) (quoting *United States v. Quintana–Torres,* 235 F.3d 1197, 1199 (9th Cir.2000)). That Beltran–Higueura could have been charged with more serious crimes that carry higher sentences than the crimes for which he was convicted does not constitute a manifest miscarriage of justice.

Moreover, Beltran–Higuera's accessory after the fact convictions arise from his conduct in manning the fuel lines for several hours and about 100 nautical miles. Thus, this conduct was outside of the immediate "hot pursuit" phase of escape that could feasibly render the escape part of the substantive crime. *United States v. Dinkane,* 17 F.3d 1192, 1199 (9th Cir.1994) (explaining that in the robbery context an escape could be part of the substantive crime during the "hot pursuit" phase of the escape).

■ Third, Beltran–Higuera argues that he should not have been convicted as an accessory after the fact because there was insufficient evidence that he had the specific intent to help Mejia–Leyva escape; instead, he was only intending to help *himself* escape. A rational jury, however, could easily have inferred that Beltran–Higuera intended to help Mejia–Leyva escape apprehension. That Beltran–Higuera also helped himself escape does not foreclose that inference.

2. The district court did not clearly err in applying sentencing enhancements for: (1) use of a dangerous weapon, U.S.S.G. § 2A2.2(b)(2)(B); (2) reckless endangerment during flight, U.S.S.G. § 3C1.2; and (3) physical contact, U.S.S.G. § 2A2.4(b)(1)(A).

First, the district court did not engage in impermissible double counting by applying the base offense level for aggravated assault under U.S.S.G. § 2A2.2, plus the four-level enhancement for use of a dangerous weapon during the commission of the crime under § 2A2.2(b)(2)(B). *See United States v. Reese,* 2 F.3d 870, 894–96 (9th Cir.1993) (permitting the application of both the base offense level for aggravated assault and the enhancement for the use of a deadly or dangerous weapon under U.S.S.G. § 2A2.2).

■ Second, the district court did not err in applying a two-level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2. This enhancement may be applied if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Beltran–Higuera manned the fuel lines to prevent the boat from stalling, and was essential to Mejia–Leyva's ability to continue fleeing at a high rate of speed. Given how dangerously Mejia–Leyva had been piloting the boat, Beltran–Higuera was aware that, in continuing to aid their escape, he was putting anyone pursuing them in future danger. Further, fleeing in the ocean, at night, in high swells, puts those in pursuit in danger, particularly if the boat was ulti-

mately apprehended, the pursuers would be forced to board or otherwise secure the offenders' boat in the open ocean.

 Finally, the district court did not err in applying a three-level enhancement under U.S.S.G. § 2A2.4(b)(1)(A) for the "physical contact" involved as Mejia–Leyva was resisting arrest. Although Beltran–Higuera contends that he could not have foreseen that Mejia–Leyva would resist arrest, he had already seen Mejia–Leyva aggressively and violently resist arrest when he rammed the USCG vessel. As a result, the district court did not clearly err in finding that Beltran–Higuera could reasonably foresee that his actions could bring about further physical contact between Mejia–Leyva and the officers.

 3. Mejia–Leyva challenges his conviction for second-degree murder, arguing that there was insufficient evidence for the jury to find that he acted with the requisite intent—malice aforethought. This argument fails, as the government presented ample evidence from which the jury could find that Mejia–Leyva acted with malice aforethought.

"Malice aforethought" is present where the defendant kills a victim "either deliberately and intentionally or recklessly with extreme disregard for human life." *United States v. Houser*, 130 F.3d 867, 872 (9th Cir.1997). Based on the evidence presented at Mejia–Leyva's trial, a rational juror could have found that Mejia–Leyva knew the USCG officers were approaching, that he deliberately turned his boat towards the USCG zodiac, and that he engaged the throttle to ram the much smaller zodiac. From that evidence, a rational juror could have inferred that Mejia–Leyva acted with malice aforethought due to the obvious

danger inherent in his deliberate actions. *See United States v. Pineda–Doval,* 614 F.3d 1019, 1039 (9th Cir.2010) (explaining that malice aforethought can be found where "the possibility of a fatal collision [from the defendant's conduct] would suggest itself to any reasonable observ[e]r") (citation omitted).

**AFFIRMED.**